UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USA, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CRIMINAL ACTION NO. H-05-203-1 |
| | § | |
| EDWARD LEE NERVIS, | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant is accused of possession of a firearm in violation of federal law. He has filed a motion to suppress the evidence on the ground that it is the fruit of an illegal search. The Court finds that the traffic stop that led to the arrest was not supported by reasonable suspicion or probable cause. Defendant's motion to suppress is therefore **GRANTED**.

## I. BACKGROUND

On or about February 16, 2005, Defendant was driving through the Haverstock Hills apartment complex when he was stopped by a Harris County Sheriff's deputy. Upon removing Defendant from his car, the deputy noticed a firearm in plain view in the car. He arrested Defendant, who had a prior felony conviction, for possession of a firearm that had been shipped in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The government contends that Harris County Sheriff's Deputy Wallace Jones stopped Defendant after noticing that Defendant was not wearing a seat belt when he turned from Lee Road, a public road, into the Haverstock Hills complex. The failure to wear a seat belt while driving on a public road is an offense under Texas law. *See* Tex. Transp. Code Ann. § 545.413(a) (Vernon 2005) (requiring adult occupants of the front seats of a vehicle equipped with safety belts to wear the belts); *id.* § 542.001 (limiting the law's applicability to vehicles

traveling on highways); *id.* § 541.302 (defining "highway" as "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular travel"). It is undisputed that the roads leading through the Haverstock Hills complex are not public roads to which the seat belt requirement applies. The parties disagree, however, as to whether Deputy Jones could have seen whether Defendant was wearing a seat belt on Lee Road from Jones's position within the complex.

Jones testified that he was standing between 40 and 50 feet away from Lee Road when he first saw Defendant's car, which was about to turn from Lee Road into the complex. Jones further stated that he could see from that distance that Defendant was not wearing a seat belt. Jones then flashed his flashlight at Defendant, signaling him to stop. According to Jones, when he approached the vehicle after the stop, he verified that Defendant was not wearing a seat belt. He then removed Defendant from the car, assertedly for reasons of officer safety, and found the gun.

Defendant presented the testimony of three residents of the Haverstock Hills complex, all of whom witnessed his stop and subsequent arrest. All three testified that the deputy who made the stop was much further from Lee Road than Jones's testimony reflected. They uniformly stated that the deputy was standing near the leasing office, where Defendant was eventually stopped, at the time that Defendant turned from Lee Road into the complex. Defendant presented evidence, in the form of a videotape, that the distance between Lee Road and the entrance gate to the complex is 66 feet, and the distance between the gate and the leasing office is 350 feet.

One of Defendant's witnesses also stated definitively that she saw Defendant wearing a seat belt as he drove past her, well after he had entered the complex. Another testified that she did not see whether Defendant was wearing a seat belt, but that the deputy who made the stop

had difficulty in removing Defendant from the car, despite the fact that Defendant was not struggling. She said that it appeared to her as though Defendant had his arm caught in a seat belt.

## II.     ANALYSIS

In inquiring whether a traffic stop is supported by reasonable suspicion, the Court "must look at the totality of the circumstances . . . to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000).

The Court finds the testimony of Defendant's witnesses to be credible. Although Deputy Jones also testified well and apparently honestly, his testimony alone, controverted as it is by that of three independent eyewitnesses and by objective facts showing Jones's estimates of distances within the complex to be in error, cannot support a finding of reasonable suspicion. In the absence of reasonable suspicion, a traffic stop and subsequent search are illegal, and the evidence procured from them must be excluded as tainted "fruit" of the search. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963). Accordingly, Defendant's motion to suppress is **GRANTED**.

**IT IS SO ORDERED**.

SIGNED this 12th day of September, 2005.

Keith P. Ellison
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**